Robert J. and Christa M. Burton v. Commissioner.
Burton v. Commissioner
Docket No. 366-70 SC.
United States Tax Court
T.C. Memo 1971-55; 1971 Tax Ct. Memo LEXIS 275; 30 T.C.M. (CCH) 243; T.C.M. (RIA) 71055; March 29, 1971, Filed. Robert J. Burton, pro se, 6336 W. Berridge Lane, Glendale, Ariz.Roger Rhodes, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $102.86 in petitioners' income taxes for the year 1968. The sole issue before us concerns the amount of transportation expenses which petitioners are entitled to deduct under section 162 [1] as incident to educational expenditures, the deductibility of which are not in dispute herein. Petitioners are husband and wife who had their legal residence in Glendale, Arizona (which is a part of Phoenix, Arizona), at the time of the filing of the petition herein. During *276 1968, petitioner Robert Burton (hereinafter Robert) was employed by Litton Systems, Inc., at Luke Air Force Base, located in the metropolitan area of Phoenix, Arizona. Also during 1968, Robert was a student at Arizona State University (hereinafter ASU) in Tempe, Arizona (also located in the metropolitan Phoenix area), where he attended classes on 115 days during the year. Robert's home was located on a direct line between ASU and Luke Air Force Base. The distance between his home and ASU was 22 miles. The distance between his home and Luke Air Force Base was 13 miles. On the days he went to school, Robert would leave his home in the morning, drive to ASU, attend classes, and then go directly to work at Luke Air Force Base. He would not return home until after completing work around midnight. In their 1968 return, petitioners claimed deductions under section 162(a) for the expenses incurred as a result of Robert's attendance at ASU. The total amount claimed was $1,391. Of this amount, $580 represented expenditures for tuition, fees, books, and supplies, which respondent has allowed. The remainder, $811, represented transportation costs (including $6 for parking fees) allegedly *277 incurred in connection with Robert's attendance at ASU. This amount was computed by utilizing a standard mileage expense rate of 10 cents per mile [2] and the round-trip distance between ASU and Luke Air Force Base (70 miles). The issue presented in this case and the position of the parties is identical to that presented in Gerhard F.B. Boerner, T.C. Memo. 1971-54, decided this day. The only factual difference is that Robert, unlike Gerhard Boerner, did not stop at his home for lunch when travelling from ASU to Luke Air Force Base, even though Robert's home, like Gerhard's, was situated on a direct line between ASU and Luke Air Force Base. We regard this variation as without legal significance. Therefore, for the reasons stated in Gerhard F.B. Boerner, supra, we hold that Robert's deductible transportation costs should be limited to an amount computed by utilizing only the round-trip mileage between his home and ASU. [3]
*278 Decision will be entered under Rule 50. 244 Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended.↩
2. Rev. Proc. 66-10, 1966-1 C.B. 622, superseded for years commencing after December 31, 1969 by Rev. Proc. 70-25↩, I.R.B. 1970-41, 59.
3. As in Boerner, respondent initially limited the deductible transportation costs to an amount based upon the one-way distance between Luke Air Force Base and ASU but modified his position on brief to claim that petitioners' deduction should be calculated on the basis of the roundtrip distance between ASU and their home.↩